PER CURIAM.
The implead-defendant, Pauline Kassier, appeals from an adverse final judgment in proceedings supplementary to execution and from the denial of her motion for rehearing. We affirm.
A careful review of the record shows that there was competent substantial evidence to support the special master’s findings that: 1) Philip Kassier fraudulently transferred a ten percent partnership interest to himself and his wife, Pauline Kassier, where she did not take the property in good faith and for reasonably equivalent value, and 2) the subsequent sale by Pauline and Philip Kassier of one-half of their partnership interest, or a five percent interest, to their partners for $75,000 was not prohibited by the Assign *374 ment of Proceeds and was not a fraudulent transfer where the partners did not have notice of the Assignment of Proceeds and paid reasonably equivalent value. Robison v. Robison, 622 So.2d 593 (Fla. 3d DCA 1993); Ferre v. City Nat’l Bank of Miami, 548 So.2d 701 (Fla. 3d DCA 1989). Consequently, we find that the trial court properly adopted the special master’s findings and properly ordered that the $75,000 proceeds derived from the Kassiers’ sale of their five percent partnership interest to their partners should be held in trust for the benefit of Alan Kipnis, the judgment creditor.
We find that the remaining points raised on appeal lack merit.
Affirmed.